UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GENE ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | 3:03-cv-0414-ECR-VPC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| STATE OF NEVADA, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

This habeas corpus action was dismissed, and judgment entered, more than six years ago, on October 16, 2003 (docket #12 and #13). Before the Court is petitioner's motion for certificate of appealability (docket #30). This Court has previously denied petitioner a certificate of appealability on September 8, 2008 (docket #26).

In order for an appeal to proceed, a petitioner must obtain a certificate of appealability from this Court or the Court of Appeals. *See* 28 U.S.C. §2253(c). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination of whether a certificate of appealability issues becomes a two part test. The Supreme Court has stated that under such circumstances:

> A COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

In the present case, the Court has already previously denied a certificate of appealability. In denying that certificate of appealability the Court noted that petitioner's case was dismissed as it appeared that the direct appeal from petitioner's conviction was still pending. The Court also stated that petitioner had not shown that he had exhausted his grounds for relief. The Court dismissed the petition without prejudice, and did not reach the merits of petitioner's constitutional claims. The petitioner has not demonstrated that any reasonable jurist would conclude that this Court's procedural ruling was in error. Petitioner is not entitled to a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's motion for certificate of appealability (docket #30) is **DENIED**.

Dated this 9th day of November, 2009.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

2